UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYLES LAMELL SHERMAN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DEVON BELL,<br><br>　　　　Defendant. | Case No. 2:20-cv-02284-JDP (PC)<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>ECF No. 9<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>　(1) FILE AN AMENDED COMPLAINT; OR<br><br>　(2) NOTIFY THE COURT THAT HE WISHES TO STAND BY HIS COMPLAINT, SUBJECT TO DISMISSAL OF CLAIMS AND DEFENDANTS CONSISTENT WITH THIS ORDER<br><br>ECF No. 8<br><br>SIXTY-DAY DEADLINE |

　　Plaintiff Myles Lamell Sherman is a county inmate proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. He has filed an amended complaint[1] alleging that Sheriff Devon Bell negligently caused him to contract Covid-19. ECF No. 8 at 3. The complaint, for the reasons stated below, does not state a viable claim. I will give plaintiff leave to

---

[1] Plaintiff's first complaint was rejected because he failed to sign it. ECF No. 4.

1

amend. Plaintiff has also filed an application to proceed *in forma pauperis*, ECF No. 9, which I will grant.[2][3]

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

---

[2] Plaintiff will pay the filing fee in accordance with the concurrently filed collection order.

[3] I will deny plaintiff's first application to proceed in forma pauperis, ECF No. 2, as moot.

**Analysis**

Plaintiff alleges that, on June 4, 2019 and while he was incarcerated in the Placer County Jail, an inmate named Steven Dutra was assigned to his housing unit without being tested for Covid-19. ECF No. 8 at 3. Dutra later confided to plaintiff that he had told correctional staff that he suspected he might be Covid positive, but they took no action. *Id.* Plaintiff and another inmate in his housing unit subsequently developed symptoms and tested positive for the disease. *Id.* He alleges that Sheriff Bell's negligence caused him to contract Covid. *Id.* He does not allege that Bell had any involvement in the decision not to test Dutra.

There is no liability for negligence under section 1983. Rather, section 1983 provides a cause of action only for violations of the Constitution and federal law. *Buckley v. City of Redding*, 66 F.3d 188, 190 (9th Cir. 1995). Plaintiff is advised that if he seeks to bring a section 1983 action against a supervisory defendant like Sheriff Bell, he must allege that the defendant: (1) personally participated in the deprivation of constitutional rights or directed the violations or (2) knew of the violations and failed to act to prevent them. *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

I will allow plaintiff an opportunity to amend his complaint. Should plaintiff choose to do so, the amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what actions each named defendant took that deprived him of constitutional or other federal rights. *See Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must set forth "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Plaintiff must allege that each defendant personally participated in the deprivation of his rights. *See Jones*, 297 F.3d at 934. Plaintiff should note that a short, concise statement in which the allegations are ordered chronologically will help the court identify his claims. Plaintiff should describe how each defendant wronged him, the circumstances surrounding each of the claimed violations, and any harm that he suffered.

If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint must be complete on its face without reference to

the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff must assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Second Amended Complaint" and refer to the appropriate case number.

If plaintiff chooses to stand on his complaint and not amend, I will recommend that it be dismissed for failure to state a cognizable claim.

Accordingly, it is ORDERED that:

1. Plaintiff's motion to proceed *in forma pauperis* (ECF No. 9) is granted.
2. Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is denied as moot.
3. Within sixty days from the service of this order, plaintiff must either file an Amended Complaint or advise the court he wishes stand by his current complaint.
4. Failure to comply with this order may result in the dismissal of this action.
5. The clerk's office is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:   February 3, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE